FOIL, Judge.
This court has issued, ex proprio motu, an order directing the parties to show cause why this devolutive appeal should not be dismissed on the basis that it was taken untimely.
Plaintiff, Fred Roche, and his wife, Cheryl Roche, allegedly were injured when their automobile was forced off of the highway by an unidentified vehicle and then struck in the rear by an automobile driven by Frank W. Stuart. The Roches filed separate suits (which were consolidated) against Stuart; his automobile liability insurer, Commercial Union Insurance Company; and their uninsured/underinsured carrier, New Hampshire Indemnity Company. The defendants filed several incidental actions as well. Prior to trial, Mrs. Roche settled her claims against Stuart, Commercial Union and New Hampshire Indemnity, and Mr. Roche settled his claim against New Hampshire Indemnity. After a trial, the court rendered judgment in favor of *697 Stuart and Commercial Union, dismissing Roche’s demands. Roche devolutively appeals that judgment.
The dates relevant to the timeliness of plaintiffs appeal are as follows:
April 14, 1987 — The judgment was signed.
April 15, 1987 — The seven-day delay for applying for a new trial commenced.[1] La.Code Civ.P. art. 1974.
April 24, 1987 — The new trial delay expired.[2]
April 25, 1987 — The sixty-day devolutive appeal delay commenced. La.Code Civ.P. art. 2087.
June 23, 1987 — The devolutive appeal delay expired.
July 2, 1987 — Plaintiff filed his motion for a devolutive appeal.
Plaintiff argues that the delays for applying for a new trial and for moving for a devolutive appeal have not yet begun to run because New Hampshire Indemnity requested notice of judgment which was not sent. He maintains the failure to send notice of judgment to New Hampshire Indemnity inures to his benefit, citing Louisiana Code of Civil Procedure article 2087(C). The pertinent part of that article reads as follows:
C. When one or more parties file post-judgment motions, the delay periods specified herein shall commence for all parties at the time they commence for the party whose post-judgment motion is last to be acted upon by the trial court.
Plaintiffs argument is without merit. First, the claims against New Hampshire Indemnity were settled before trial, and under article 1913, New Hampshire Indemnity was not entitled to notice of a judgment to which it was not a party. Furthermore, no post-judgment motions were filed by any party, so article 2087(C) is inapplicable. Clearly, plaintiffs motion for appeal was filed untimely.
The appeal is dismissed.
DISMISSED.

. Although notice of judgment was sent to plaintiff on April 22, 1987, none was required under La. Code Civ.P. art. 1913. The judgment was not taken by default; the case was not taken under advisement; and plaintiff did not request notice. The gratuitous mailing of notice of judgment by the clerk does not extend the time within which application for a new trial may be filed or an appeal may be taken. See St. Tammany Homesites v. Parish of St. Tammany, 477 So.2d 123 (La.App. 1st Cir.1985). Consequently, the delay for applying for a new trial commenced on the day after the judgment was signed.

. April 17, 1987, was a legal holiday (Good Friday) and is excluded from the seven-day period. La. Code Civ.P. arts. 1974, 5059; La.R.S. 1:55(E).