PER CURIAM.
This matter is before us on defendants’ motion to dismiss appeal.
FACTS
In December of 1986, a vehicle driven by Jennie Anderson was involved in an accident with a vehicle driven by Lee Roy Aucoin, Jr. A suit for damages was filed by Ms. Anderson and her passengers, naming as defendants the Louisiana Department of Transportation and Development (DOTD), the Louisiana Department of Public Highways, (DPH), the Louisiana Department of Public Safety (DPS), Louisiana Paving Company, Inc., A. Wilbert and Sons (A. Wilbert),[1] Aucoin Farms, Inc., Lee Roy Aucoin, Jr.
Defendants Aucoin Farms, Inc. and A. Wilbert filed a motion for summary judgment as to plaintiffs’ claims against them and a motion to dismiss a cross-claim which had been filed by DOTD against them. On February 14, 1990, a hearing was held on these two motions; the plaintiffs’ attorney was present and argued. At the close of the hearing, Judge Kimball orally granted both of the motions. On April 4, 1990, Judge Kimball signed a written judgment in line with her oral ruling.
Meanwhile, defendants DOTD and DPS also filed motions for summary judgment as to plaintiffs’ claims against them. On May 30, 1990, a hearing was held on these two motions; the plaintiffs’ attorney was present and argued. At the close of the hearing, Judge Fred Blanche orally granted both of the motions. On June 5, 1990, Judge Blanche signed a written judgment in line with his oral ruling.
Thereafter, the following occurred:
1. On July 6, 1990, plaintiffs filed a motion and order for appeal of both the April 4, 1990 and the June 5, 1990 judgments.
2. On July 5, 1990, defendants Aucoin Farms and A. Wilbert filed, in the district court, a motion to dismiss the plaintiffs’ appeal of the April 4, 1990 judgment on the grounds it was untimely. Judge Kimball set the motion for hearing on August 29, 1990.
3. On July 17, 1990, Judge Kimball signed the order of appeal, thereby vesting this court with jurisdiction over plaintiffs’ appeal.
4. Despite this, on August 29, 1990, Judge Kimball went forward with a hearing on the defendants’ motion to dismiss the plaintiffs’ appeal. At the close of the hearing, Judge Kimball granted the defendants’ motion to dismiss. On November 7, 1990, Judge Kimball signed a judgment in line with her oral ruling. Despite this judgment, plaintiffs’ appeal of the April 4, 1990 and June 5, 1990 judgments was lodged with this court as the instant appeal.[2] CA/90/1957.
Defendants Aucoin Farms and A. Wilbert have filed a motion to dismiss plaintiffs’ appeal of the April 4, 1990 judgment and plaintiffs’ appeal of the November 7, 1990 judgment.
*667 Defendants contend that the appeal of the April 4, 1990 judgment is untimely. Defendants argue that plaintiffs were not entitled to notice of judgment under LSA-C.C.P. art. 1913 because the trial court ruled on the matter at the hearing and did not take it under advisement; therefore, the appeal delays run from the date the judgment was signed and not from the notice of judgment. Thus, plaintiffs’ appeal, filed approximately 90 days after the judgment was signed, is not timely.
Plaintiffs have filed an opposition in which they make three arguments. First, plaintiffs argue that defendants did not comply with the local court rule of the Eighteenth Judicial District Court which provides that all judgments prepared by an attorney are to be submitted to and approved by opposing counsel prior to submission to the court for signature. See Rules of the Eighteenth Judicial District Court, Rule 10.4.
We find no merit in plaintiffs’ argument. The failure to comply with local rule 10.4 is not in any way related to the commencement of the delay for taking an appeal; the local rule cannot take precedence over statutory law.
Second, plaintiffs argue that a notice of the April 4, 1990 judgment was mailed to the plaintiffs on June 26, 1990, and therefore their appeal delays should not begin to run until that date. There is no merit in this argument. The plaintiffs had not requested notice of judgment, and the matter was not taken under advisement. Therefore, according to former LSA-C.C.P. art. 1913, plaintiffs were not entitled to notice of judgment. The jurisprudence holds that the gratuitous mailing of notice by the clerk does not extend the appeal delays. Roche v. Stuart, 521 So.2d 696 (La.App. 1st Cir.), writ denied, 523 So.2d 235 (La.1988).
Finally, plaintiffs contend that LSA-C.C.P. art. 1913 was amended to provide for notice under the circumstances of this case, and that such an amendment is procedural and should be retroactively applied.
The old version of LSA-C.C.P. art. 1913 provided that notice of judgment was to be mailed when requested or when a case was taken under advisement. The newly amended version of article 1913 provides that notice of judgment is to be mailed in every contested case except when judgment is signed the same day as trial and all counsel are present. Under the amended version, plaintiffs would be entitled to notice of judgment and, therefore, their appeal would be timely.
LSA-C.C. art. 6 provides that substantive laws apply prospectively only. Procedural or remedial legislation is to be given retroactive effect unless the language shows a contrary intent. Hawn Tool Co. v. Crystal Oil Co., 514 So.2d 636 (La.App. 2d Cir.1987).[3] Nevertheless, a statute cannot be applied retroactively if it is substantive in nature or if it would deprive a party of vested rights. Williams v. American Crescent Elevator, 518 So.2d 1091 (La.App. 4th Cir.1987), writs denied, 521 So.2d 1189 and 1190 (La.1988).
Substantive acts are generally defined as those which create, confer, define, or destroy rights, liabilities, causes of action or legal duties. Thomassie v. Savoie, 581 So.2d 1031 (La.App. 1st Cir.1991). Procedural acts describe methods for enforcing, processing, administering, or determining rights, liabilities, or status. Young v. American Hoechst Corp., 527 So.2d 1102 (La.App. 1st Cir.1988).
We believe that the retroactive application of amended article 1913 would disturb the appellees’ vested right in a definitive judgment. Accordingly, LSA-C.C.P. art. 1913 should not be applied retroactively. Therefore, plaintiffs’ appeal of the April 4 judgment is dismissed as untimely.[4]
For the reasons set forth, plaintiffs’ appeal of the April 4, 1990 judgment is dismissed.

. In the caption of this case A. Wilbert's Sons Lumber and Shingle Co. was erroneously referred to as A. Wilbert's and Sons.

. Because the district court lacked jurisdiction over the case after it signed the order of appeal, the November 7, 1990 judgment is without validity.

. Hawn Tool discusses former LSA-C.C. art. 8, the substance of which is reproduced in current LSA-C.C. art. 6.

. The appeal of the June 5, 1990 judgment was timely filed and will accordingly he maintained.