LFOGG, J.
The issue presented in this appeal is whether the. district court properly dismissed an appeal from a ruling of the Louisiana Department of Environmental Quality (DEQ) as abandoned pursuant to LSA-R.S. 30:2050.21(G). For the following .reasons, we reverse and remand.
In 1989, Westlake Petrochemicals Corporation (“Westlake”) constructed an ethylene manufacturing complex near Sulphur, Louisiana in Calcasieu Parish. In October of 1995, Westlake applied to DEQ for a modification of its existing air permits to allow it to enlarge its ethylene plant. On January 18, 1996, DEQ approved a modification of the original permits to provide for the expansion of the facility.
*1279 Subsequently, in accordance with federal law and state regulations, Westlake submitted an application for a Part 70 permit for the ethylene manufacturing complex. See 40 C.F.R. §§ 70.1-70.11; 42 U.S.C. § 7661a(b); LAC 33:III.507(B)(2). The Part 70 permit would cover the entire ethylene manufacturing complex, including the existing facility and the expansion project. On March 12, 1997, DEQ issued the Part 70 permit. Pursuant to LSA-R.S. 30:2050.21(A), on April 11, 1997, Calcasieu League for Environmental Action Now (“CLEAN”) and the Louisiana Environmental Action Network (“LEAN”) sought judicial review of this action of DEQ with the Nineteenth Judicial District Court.
DEQ lodged the record with the district court on September 19, 1997. On April 6, 1998, CLEAN and LEAN requested a briefing schedule from the court; this was the first action taken since the filing of the suit. On September 8, 1998, appellants filed their original brief in this matter with the trial court. Westlake filed a motion to dismiss on grounds of abandonment on September 29, 1998. The trial judge, relying on LSA-R.S. 30:2050.21(G), granted the motion and dismissed the appeal. 13This appeal followed.
LSA-R.S. 30:2050.21(G) provides, as follows:
Judicial review, appeals, and other proceedings for injunctive relief regarding environmental permits needed for construction or operation of new facilities or modification of existing facilities, shall be decided by the court summarily and by preference. In no case shall the date for a final decision on the merits of such review or appeals extend beyond the ninetieth day after receipt by the court of the record for adjudication. The court in its discretion may issue further orders consistent with the Louisiana Code of Civil Procedure to carry out the summary mandate of such reviews or appeals.
Appellants assert that this legislation does not provide grounds for dismissal. Appellees assert that LSA-R.S. 30:2050.21(G) and Local Rule XIII of the Nineteenth Judicial District Court,[2] require appellants “to timely request a hearing date.” Because appellants failed to do so, the trial court properly dismissed the appeal as abandoned.
By its plain language, LSA-R.S. 30:2050.21(G) does not require that an aggrieved person advance the appeal; rather, it attempts to encourage courts to decide appeals taken from the actions of DEQ expeditiously. The statute provides no penalty for noncompliance.
Additionally, Westlake’s reliance on Local Rule XIII is misplaced. A local rule cannot take precedence over statutory |4law. Washington v. Louisiana Dep’t of Transp. and Dev., 593 So.2d 665 (La.App. 1 Cir.1991). Westlake has referred this court to no statutory provision that supports its position. Our research reveals only the statutory provisions for abandonment as set forth in LSA-C.C.P. art. 561. A local rule cannot expand those grounds. Furthermore, local court rules, like statutes, are subject to the rules of statutory construction. Adams v. Airco Welding Products Co., 98-0286 (La.App. 4 Cir. 7/21/99), 739 So.2d 375. Applying the *1280 rules of statutory construction, the local rule does not provide for the dismissal of a lawsuit.
Should Westlake and DEQ not prevail on the above procedural issue, they ask this court to review the substantive issues raised by CLEAN and LEAN in their appeal to the district court and to affirm the judgment of the district court, dismissing appellants’ case on the merits. They refer to LSA-C.C.P. art. 2133, which provides that an appellee “may assert, in support of the judgment, any argument supported by the record .... ” They also refer to LSA-C.C.P. art. 2164, which provides that this court may affirm the district court’s decision on any ground “which is just, legal, and proper upon the record on appeal.”
The Louisiana Legislature granted the Nineteenth Judicial District Court jurisdiction to review final permit actions, final enforcement actions and declaratory actions of DEQ. LSA-R.S. 30:2050.21; Angus Chemical Co., Matter of, 94-1148 (La.App. 1 Cir. 6/26/96), 679 So.2d 454. Appellees’ request that we review the merits of this case before the district court has an opportunity to do so would result in an inappropriate limitation of the appeal process mandated by the legislature. Therefore, we decline to do so. See Angus Chemical Co., Matter of, 679 So.2d at 459 (wherein we remanded an appeal from an action of DEQ for review of the merits by the Nineteenth Judicial District Court).
Finally, appellants filed, with this court, a motion to strike parts of appellees’ brief on the grounds that it was beyond the permissible scope for such briefs. Considering the disposition of this matter on procedural grounds, we now conclude that the motion to strike is moot.
For the foregoing reasons, the motion to strike filed by CLEAN and LEAN is denied. The judgment of the district court is reversed. This case is remanded to the district court for further proceedings. Costs of this appeal are assessed to West-lake Petrochemicals Corporation.
MOTION DENIED; JUDGMENT REVERSED; CASE REMANDED.

. Local Rule XIII, Nineteenth Judicial District Court provides, in pertinent part, as follows:
Whenever a matter is filed with this court, whether on judicial review or appeal, it shall be the duty of both the clerk and the attorney filing the matter to immediately notify the judge of the division to which the case has been allotted in writing of that fact.
Appeals and judicial reviews shall generally be handled by the various divisions in accordance with the following schedule: Upon receipt of the above-mentioned notice, the trial judge may establish a hearing date and a briefing schedule. The hearing date shall be established in accordance with the governing statutes of the agency, commission, or board from which judicial review or appeal is taken, or if no specific statute is applicable, it shall be in accordance with the Administrative Procedures Act.