[¡..CARTER, C.J.
This is an appeal from a judgment issuing a writ of mandamus.
FACTS
Dr. Daniel G. Kyle, Louisiana State Legislative Auditor (Legislative Auditor), filed a petition for writ of mandamus against Patricia Johnson, Assessor of the First Municipal District, Parish of Orleans, State of Louisiana, in the 19th Judicial District Court (19th JDC). Johnson was ordered to show cause on September 6, 2001, why the petition should not be granted.
Johnson filed a declinatory exception raising the objection of improper venue with accompanying legal memorandum and an answer via facsimile on September 5, 2001. At 7:40 a.m. on September 6, 2001, the morning of the trial that was scheduled for 9:30 a.m., Johnson filed the original documents with the clerk of court.
At the trial, Johnson informed the district court of her declinatory exception raising the objection of improper venue. However, the exception had not been set for hearing and the district court refused to do so. The district court further indicated it would not address the merits of the exception. The court then proceeded with the trial and issued a writ of mandamus ordering that Johnson provide certain records to the Legislative Auditor by Sep *981 tember 14, 2001, and that Johnson be personally available on and after October 1, 2001 to answer questions concerning the produced documents and any other matters and records requiring further explanation. Johnson now appeals.
DECLINATORY EXCEPTION RAISING THE OBJECTION OF IMPROPER VENUE
Johnson contends the district court erred in ruling that her declinatory exception raising the objection of improper venue was not timely filed and also in refusing to hear the exception before proceeding to trial on the writ of mandamus.
In ordinary proceedings, declinato-ry and dilatory exceptions must be pleaded prior to or in the answer, and prior to the confirmation of a default judgment. LSA-C.C.P. art. 928. The underlying action herein is one for mandamus. Mandamus is a summary proceeding, which is defined as a writ that may, among other things, be used to direct a public officer to perform ministerial duties required by law. LSA-C.C.P. arts. 3781, 3861, and 3863; Acadian Ambulance Service, Inc. v. Parish of East Baton Rouge, 97-2119, p. 7 (La.App. 1st Cir.11/6/98), 722 So.2d 317, 322, writ denied, 98-2995 (La.12/9/98), 729 So.2d 583. Rules governing ordinary proceedings are applicable to summary proceedings except as otherwise provided by law. LSA-C.C.P. art. 2596. LSA-C.C.P. art. 2593 is such an exception. Ponder v. Relan Produce Farms, Inc., 439 So.2d 498, 501 (La.App. 1st Cir.1983). LSA-C.C.P. art. 2593 provides that in a summary proceeding, exceptions must be filed prior to and disposed of at the trial, and that no answer is required, except as otherwise provided by law.
The district court made its decision not to hear the exception after hearing the Legislative Auditor’s argument that the exception was untimely under Rule VIII of the local civil rules.of the 19th JDC.[2] That rule, titled “Rule, Motion, Exception and Argument Day,” provides, in part:[3]
Section 2.
(A) Exceptor or mover is required to furnish the trial judge concurrently with the filing of his injunction, exception, motion, rule, or other summary proceeding a memorandum of authorities in support thereof which shall include a declaration that evidence will or will not be taken at the hearing, together with a copy of the pleading, and shall also furnish opposing counsel, if any, with a copy of same. It is not to be filed with the Clerk of Court but is to be mailed or hand delivered directly to the office of the trial judge who is to hear the matter. Opposing counsel may furnish a memorandum of authorities, but to be considered it must be received in the office of the judge at least five (5) working days prior to the hearing. An additional copy of any such memorandum of authorities may be filed by exceptor or mover or by opposing counsel with the Clerk of Court but same is not required.
Local court rules, like statutes, are subject to the rules of statutory construction. In Re Westlake Petrochemicals Corp. Ethylene Plant Part 70, 99-1726, p. *982 4 (La.App. 1st Cir.11/3/00), 769 So.2d 1278, 1279. The starting point for the interpretation of any statute is the language of the statute itself. SWAT 24 Shreveport Bossier, Inc. v. Bond, 2000-1695, p. 12 (La.6/29/01), 808 So.2d 294, 302. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9. When the apparent meaning of the statute appears doubtful or the language can reasonably be interpreted in more than one manner, courts must search deeper to discover the legislative intent. Burnette v. Stalder, 2000-2167, p. 7 (La.6/29/01), 789 So.2d 573, 577.
Rule VIII sets forth the procedure that must be followed by the mover in filing a summary proceeding and the ex-ceptor in filing an exception. In short, at the time the exception is filed, the exceptor must provide the trial judge with a copy of the pleading and a memorandum of authorities that includes a declaration of whether evidence will be taken at the hearing. The exceptor is further required to provide those same items to his opposing counsel. Opposing counsel is then allowed, but not required, to furnish the court with his own memorandum of authorities. To be considered, opposing counsel’s memorandum must be received by the trial judge five days prior to the hearing.
The Legislative Auditor construes the phrase “opposing counsel” to refer to counsel for the party opposing the underlying action, i.e. counsel for Johnson. However, Johnson filed an exception and is therefore “the exceptor.” We find that Rule VIII is clear and that “opposing counsel,” in this case, refers to counsel for the party opposing the exception. Rule VIII does not impose time constraints on the exceptor.
The Legislative Auditor’s (and the district court’s) reliance on Rule VIII is misplaced. A local rule cannot take precedence over statutory law. Westlake Petrochemicals Corp., 769 So.2d at 1279. In summary proceedings, an exception is timely filed if it is filed prior to the time assigned for trial. LSA-C.C.P. art. 2593. Folsom Road Civic Ass’n v. Parish of St. Tammany Through St. Tammany Parish Council, 425 So.2d 1318, 1320 (La.App. 1st Cir.1983). Johnson filed her peremptory exception raising the objection of improper venue via facsimile on the day prior to the trial and filed the original documents on the morning of the trial but prior to the time for which it was scheduled. Therefore, the exception was timely filed under both LSA-C.C.P. art. 2593 and Rule VIII. The trial court erred in not considering and disposing of the exception on the trial of the writ of mandamus.
15In their appellate briefs the parties argue the merits of the declinatory exception raising the objection of improper venue. However, there is no judgment on the exception for us to review. The judgment issuing the writ of mandamus did not overrule the exception. Because the exception was not disposed of, we cannot consider its merits on appeal.
The trial court erred in not considering and disposing of the declinatory exception raising the objection of improper venue, which was filed before the trial scheduled on the petition for writ of mandamus. Therefore, we vacate the judgment rendered in violation of LSA-C.C.P. art. 2593, and remand this matter for proceedings consistent with this opinion. We pretermit discussion of Johnson’s remaining assignments of error.
CONCLUSION
For the reasons set forth herein, we vacate the judgment issuing the writ of *983 mandamus and remand this matter for disposition consistent with this opinion. Costs of this appeal in the amount of $876.39 are assessed to the Legislative Auditor.
VACATED AND REMANDED.

. Although the district court did not state it based its decision not to hear the exception on a finding that the exception was untimely, we presume this was its reason. Moreover, the court’s minutes indicate the court denied Johnson's motion because the exception was not timely filed.

. Since the hearing in this matter, the Louisiana Supreme Court has adopted uniform rules for the district courts, which became effective April 1, 2002.