I,WALTZER, Judge.
Relator, Craig Bower, seeks review of an order enjoining him from removing his minor child from the mother’s physical custody. The father asks this court to review the alleged denial of his exceptions to the trial court’s jurisdiction although he admits the trial court neither heard nor considered his exceptions. He argues that Louisiana courts do not have jurisdiction over this child custody matter since the minor had resided primarily with Bower in other states and had only visited the mother for holidays and summer vacations in Louisiana since 1994.
FACTS AND PROCEDURAL HISTORY
Jennifer Gilkes and Craig Bower married and had one child, Taliesin Gilkes Bower. The couple separated and divorced. A California court entered a judgment of divorce in 1996. This judgment also provided that the parents share joint custody of their son and required the parties to have equal physical custody. However, each parent admits that this order was never followed and that their son resided with his father in California beginning in 1994, and that he only visited with his mother in Louisiana on various holidays and during summer vacations from 1994 to the present. Bower moved with his son to Seattle, Washington in [ 2August 1998. In December 1998, Taliesin visited his mother for the holiday. Gilkes refused *100 to return her son to his father’s custody at the end of the holiday.
On 22 December 1998, Gilkes filed a motion to enforce the 1996 California custody award and to modify this custody decree. She retained physical custody of the child in Louisiana, until his father arrived on 10 January 1999, with an order from a Washington State Court awarding him temporary physical custody. The father removed the child from Gilkes’ home and returned him to Washington. On 11 January 1999, apparently unaware that the child was no longer in Louisiana, Gilkes, in the same action, sought a temporary restraining order to prevent Bower form removing the child from Louisiana. The trial court issued a temporary restraining order prohibiting Bower from removing the child form its jurisdiction, and a hearing on the request for a preliminary injunction was scheduled for 22 January 1999. On 19 January 1999, Bower was served at his home in Washington State with the Petition to Recognize -Foreign Judgment and To Modify Custody, Restraining Order, Motion for Temporary Restraining Order and Rule to Show Cause. On 22 January 1999, Bower filed exceptions to the jurisdiction of the court over him and the subject matter. On that same date, the trial court heard Gilkes’ request for a preliminary injunction, which the court granted, making the temporary restraining order “absolute” and ordering Bower not to remove the child from this court’s jurisdiction and to return him to his mother’s physical custody. At the hearing on the preliminary injunction, Bower refused to appear and defend. However, his counsel was present at the hearing.
Bower argues that the trial court erred by deciding the request for the preliminary injunction without first disposing of the exceptions filed prior to hearing, and, thereby effectively overruling defendant’s exceptions. He seeks Preview of the purported denial of his declinatory exceptions. Bower also requests a stay of the proceedings pending resolution of this application.
REQUEST FOR STAY
Bower asks this court to stay the proceedings. However, he did not allege that he had requested such a stay from the trial court. The local rules of this court require that the party seeking the stay make such a request of the trial court before demanding such relief from this appellate court. Uniform Rules-Courts of Appeals, Rule 4-4(A). Moreover, we are not inclined to suspend the proceedings in this child custody matter in light of the legislative expression against such a disposition. LSA-C.C.P. art. 3943. We decline to stay these proceedings.
DECISION ON THE EXCEPTIONS
Counsel for Bower filed two decli-natory exceptions on the morning of the hearing on the request for a preliminary injunction. He asked the trial court to delay hearing the request for a preliminary injunction pending its decision on the exceptions. The trial court refused and heard the request for the preliminary injunction; Bower did not appear to defend. Bower argues that the judgment granting the preliminary injunction, before the trial court decided the exceptions, effectively overruled these exceptions. Thus, he seeks review of the denial of these exceptions, although the record contains no judgment or reference to a decision overruling the exceptions.
Gilkes filed a petition to enforce the California judgment and to modify custody, an ordinary proceeding. Later, she filed, in the same proceeding, a request for a temporary restraining order and an injunction. An action for a permanent injunction employs ordinary process. Abadie v. Cassidy, 581 So.2d 657 (La.1991). The action for a preliminary injunction may utilize summary process. |4LSA-C.C.P. art. 3601. A party may commence a summary proceeding by a rule to show cause. LSA-C.C.P. art. 2593. Gilkes filed a motion for a temporary restraining order on 11 January 1999, and included a de *101 mand for a preliminary and permanent injunction. On the same date, the trial court issued a temporary restraining order and set a hearing by-Rule to Show Cause why a preliminary injunction should not issue. A request for a preliminary injunction is ancillary to a demand for a permanent injunction, requiring ordinary process. Abadie, supra at fn. 1. A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if: (1) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and (2) all of the actions cumulated are mutually consistent and employ the same form of procedure. LSA-C.C.P. art. 462. An action for a permanent injunction, which proceeding may include a demand for a preliminary injunction employing summary process, and an action for custody may be properly cumulated. Moreover, Bower waived (see LSA-C.C.P. art. 928.) any objection to the alleged improper cu-mulation of these actions, a dilatory exception, by filing the declinatory exceptions.
After hearing the request for the preliminary injunction, the trial court granted the relief sought. The record shows that Bower filed exceptions to the jurisdiction of the trial court at 9:37 a.m. on 22 January 1999, minutes before the hearing on the preliminary injunction began. He did not appear at the hearing on the preliminary injunction, and the trial court did not address or dispose of his exceptions.
LSA-C.C.P. art. 2593 provides, in pertinent part:
| ¡¡Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of on, the trial.
(Emphasis added.)
The exceptions challenging the jurisdiction of the court filed by Bowers were never argued by Bowers, no evidence was adduced and the trial court did not dispose of them. Although Bower filed his exceptions on the morning of the trial of the preliminary injunction, he filed these pleadings before the time of the scheduled trial, and the trial court should have considered them on the trial on the preliminary injunction. Sizeler v. Sizeler, 375 So.2d 122, 123-24 (La.App. 4 Cir.1979). We believe the trial court erred in not considering and disposing of these exceptions on the trial of the preliminary injunction.
We find nowhere in this record any statement, judgment or decision that the trial judge considered or ruled upon the exceptions filed before the hearing began. Consequently, Relator concludes that the trial court must have overruled the exceptions, albeit without any pronouncement, which Relator alleges as error. Without a statement, judgment or decision that the trial court in fact ruled on the exceptions, we are unable to consider the merits of this writ application as it pertains to the alleged denial of the exceptions. Bowers sought review by supervisory writ of the presumed (unstated) denial of the declina-tory exception, presumably because it amounted to an interlocutory judgment. The record, however, is devoid of any evidence which we might review pertaining to the dispositions of the exceptions. Therefore, we are not considering the merits of these exceptions or the merits of the custody dispute.
The judgment granting the preliminary injunction did not effectively overrule Bower’s exceptions in the custody action. Bower relies on several cases | ¿rendered prior to the adoption of the Code of Civil Procedure. Trahan v. Lantier, 33 So.2d 136, 137 (La.App. 1 Cir.1947). At the hearing on the preliminary injunction, the trial court specifically declared that it was not considering the exceptions. We do not have an interlocutory order or judgment denying these exceptions before us. However, we do find that the trial court erred by not considering and disposing of the exceptions, filed before the scheduled trial on the preliminary injunction. Therefore, *102 we vacate the judgment rendered in violation of LSA-C.C.P. art. 2593, and remand the matter for proceedings consistent with this opinion.
CONCLUSION
We grant the application for supervisory jurisdiction, vacate the judgment granting Gilkes’ preliminary injunction and remand this matter for disposition consistent with this opinion. The request for stay order is denied.
WRIT OF CERTIORARI GRANTED, JUDGMENT VACATED, AND PROCEEDINGS REMANDED. STAY ORDER DENIED.
MURRAY, J., CONCURS.