*330
 
 PETTIGREW, J.
 

 |2Plaintiff appeals from a trial court judgment in favor of defendant, denying his application for a writ of mandamus and dismissing his claim for damages. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.
 

 FACTS AND PROCEDURAL HISTORY
 

 In this case, defendant, Department of Public Safety and Corrections, Office of Motor Vehicles (“Department”), charged plaintiff, Tony Chaney, with a violation of La. R.S. 32:861, alleging that a vehicle owned by Mr. Chaney was not covered by liability insurance as required by law. After considering the evidence presented by Mr. Chaney at a hearing concerning this issue, the administrative law judge determined that the Department failed to establish that Mr. Chaney was in violation of La. R.S. 82:861 and that the Department’s proposed suspension against him was improper. Thus, in a decision rendered on September 26, 2008, the administrative law judge ordered that the proposed suspension against Mr. Chaney be recalled. Thereafter, on October 21, 2008, Mr. Chaney filed an application for a writ of mandamus requesting that the Department be made to comply with the lawful order submitted by the administrative law judge and seeking a refund in the amount of $834.18 plus attorney fees, interest, and costs.
 

 In response to Mr. Chaney’s writ, the Department filed an answer on January 15, 2009, indicating that it had received notice of the administrative law judge’s decision and had corrected the record as ordered on October 7, 2008. With regard to Mr. Chaney’s request for a refund of $834.18 plus attorney fees, interest, and costs, the Department argued that same was without foundation in law or fact. The matter proceeded to a hearing before the trial court on January 20, 2009, at which time Mr. Chaney, who appeared pro se, and the Department, represented by counsel, both presented argument concerning their respective positions. After considering the evidence and decision of the administrative law judge, the trial court denied Mr. Chaney’s writ, finding that the Department had already done what it was required to do by the order. The trial court signed a judgment on February 18, 2009, denying Mr. Chaney’s application for writ of |smandamus and dismissing, with prejudice, Mr. Chaney’s claims, including his request for damages.
 

 Mr. Chaney then filed a pleading entitled “Leave to Set-Aside Judgment Denying the Writ of Mandamus and Request for Sanctions,” requesting that the February 18, 2009 judgment be set aside and that he be awarded $10,000.00 in sanctions against the Department as punitive damages for the Department acting in bad faith. This matter proceeded to hearing on May 4, 2009, at which time the trial court denied the motion finding no procedural error in its prior ruling. A judgment in accordance with the trial court’s findings was signed by the trial court on June 23, 2009.
 

 This appeal by Mr. Chaney followed.
 
 [1]
 
 On appeal, Mr. Chaney presents the following issues for our review:
 

 
 *331
 
 I. Whether or not [La. R.S. 32:863.1 C(5)(a) ] makes the Department of Public Safety and Corrections, Office of Motor Vehicles liable for all damages and expenses for the improper application of suspension on plaintiffs license and motor vehicle registration once an administrative law judge has determine^] that the individual was in compliance with state law?
 

 II. Whether the doctrines of mootness, res ipsa locquitur and collateral es-toppel prevent the defendant from arguing the facts and legal conclusion reached by the administrative law judge after all legal delays has expired?
 

 III. Whether the Department of Public Safety and Corrections legal representative, ... committed fraud upon the court?
 

 Mandamus is a writ directing a public officer to compel the performance of a ministerial duty required by law. La. Code Civ. P. arts. 3861 and 3863. Mandamus is to |4be used only when there is a clear and specific legal right to be enforced or a duty that ought to be performed. It never issues in doubtful cases.
 
 Morris v. Patient’s Compensation Fund Oversight Bd.,
 
 2007-2468, p. 5 (La.App. 1 Cir. 5/28/08), 991 So.2d 551, 554.
 

 In the instant case, the duty to be performed by the Department, i.e., the recall of the proposed suspension of Mr. Chaney’s motor vehicle registration privileges, had already been performed by the Department by the time of the hearing on Mr. Chaney’s writ. Thus, as noted by the trial court below, because the Department did what was required of it by the administrative law judge, Mr. Chaney was not entitled to a writ of mandamus. However, our analysis does not end here.
 

 A writ of mandamus may be ordered by the court only on petition, and the proceedings may be tried summarily. La. Code Civ. P. art. 3781. A written answer to a petition for a writ shall be filed not later than the time fixed for the hearing. La.Code Civ. P. art. 3783.
 

 Summary proceedings are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings. La.Code Civ. P. art. 2591. Summary proceedings may be used for trial or disposition of a mandamus proceeding. La.Code Civ. P. art. 2592(6). A summary proceeding may be commenced by a rule to show cause, except as otherwise provided by law. La.Code Civ. P. art. 2593. Exceptions to a rule to show cause or a petition in a summary proceeding shall be filed prior to the time assigned
 
 *332
 
 for, and shall be disposed of on, the trial.
 
 Id.
 

 The record establishes that the summary proceeding in this case was properly commenced by a rule to show cause. As previously discussed, Mr. Chaney included a request for damages in his writ. In its answer to Mr. Chaney’s writ, the Department alleged that Mr. Chaney’s request for damages was “without foundation in law or fact.” However, what the Department failed to do was challenge the improper cumulation of Mr. Chaney’s request for a writ of mandamus and his demand for damages. The objection of improper cumulation of actions is a dilatory exception that must be pleaded | ¿prior to answer or it will be waived. La.Code Civ. P. arts. 926 and 928. Because the Department failed to timely raise said objection, any right the Department had to question the cumulation was waived. As a result, when the matter was considered by the trial court below, the merits of the application for a writ of mandamus and the issue of damages was properly before the court. Nonetheless, the trial court decided not to address Mr. Chaney’s request for damages, finding the claim to be outside the scope of the mandamus proceeding. The trial court made the following observations from the bench:
 

 Whether or not you’re entitled to [damages] is another — under another theory is different from a mandamus action. Their ministerial duty is to do that which the administrative law judge dictated they do, recall the suspension.... If you want to chase the costs and everything, the mandamus is not the method to do it_They would have discretion as to whether or not they believe that they were appropriate costs, whether or not they were the ones that were obligated to pay them, whether or not third parties may be obligated to pay, those are ordinary proceeding issues.
 

 We would typically agree that the issue of damages must be raised in an ordinary proceeding. However, the posture of the instant case presents an unusual set of facts and circumstances, which leads us to the conclusion that the trial court erred in failing to address the issue of damages. Herein, because Mr. Chaney’s claim for damages was not severed from his request for the issuance of a writ of mandamus, the issue of damages was ripe for consideration. Thus, we must reverse the February 18, 2009 judgment in so far as it dismissed Mr. Chaney’s claim for damages. We remand this matter to the trial court for consideration of same.
 
 [2]
 

 CONCLUSION
 

 For the above and foregoing reasons, we reverse that portion of the February 18, 2009 judgment that dismissed Mr. Chaney’s claim for damages and remand this matter to the trial court for further proceedings consistent with this opinion. In all other respects, |6the judgment is affirmed. Moreover, given our decision herein, the motion filed by Mr. Chaney with this court entitled “Notice of Judgment and Request for Remand,” is denied as moot. Appeal costs in the amount of $748.50 are assessed against the Department.
 

 
 *333
 
 AFFIRMED IN PART; REVERSED IN PART; REMANDED. MOTION DENIED AS MOOT.
 

 [1]
 

 . We note that Mr. Chaney actually appealed from the June 23, 2009 judgment, the trial court’s denial of his motion for “Leave to Set-Aside Judgment Denying the Writ of Mandamus and Request for Sanctions." This is an interlocutory judgment; it did not decide the merits of the suit. It is akin to the denial of a motion for a new trial; also an interlocutory judgment.
 
 Morrison v. Dillard Dept. Stores, Inc.,
 
 99-2060, p. 2 (La.App. 1 Cir. 9/22/00), 769 So.2d 742, 744,
 
 writ denied,
 
 2000-3379 (La.2/2/01), 784 So.2d 646. "[T]he estab
 
 *331
 
 lished rule in this circuit is that the denial of a motion for new trial is an interlocutory and non-appealable judgment.”
 
 McKee v. Wal-Mart Stores, Inc.,
 
 2006-1672, p. 8 (La.App. 1 Cir. 6/8/07), 964 So.2d 1008, 1013,
 
 writ denied,
 
 2007-1655 (La.10/26/07), 966 So.2d 583. (By 2005 La. Acts No. 205, effective January 1, 2006, La.Code Civ. P. art. 2083 was amended to remove the longstanding provision that interlocutory judgments that "may cause irreparable harm” are appeal-able. An interlocutory judgment is now ap-pealable only when expressly provided by law. Accordingly, the denial of a new trial is not generally appealable.) The Louisiana Supreme Court, however, has instructed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits, when it is clear from appellant's brief that the appeal was intended to be on the merits.
 
 Carpenter v. Hannan,
 
 2001-0467, p. 4 (La.App. 1 Cir. 3/28/02), 818 So.2d 226, 228-229,
 
 writ denied,
 
 2002-1707 (La.10/25/02), 827 So.2d 1153. It is obvious from Mr. Chaney’s brief that he intended to appeal the judgment on the merits. Thus, we will treat the appeal accordingly.
 

 [2]
 

 . In remanding this matter, we make no determination as to liability regarding any damages allegedly sustained by Mr. Chaney or whether La. R.S. 32:863.1 may be applicable herein as Mr. Chaney argues is the case. Rather, we leave those issues to be litigated below where the parties will have an opportunity to present evidence and witnesses to the trial court in support of their respective positions. With regard to the remaining issues raised by Mr. Chaney on appeal, we find no merit to his arguments and decline to address these baseless claims.