**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2018 CW 0445

IN THE MATTER OF THE SUCCESSION OF HURD LENORD ROBINSON

Judgment rendered: **FEB 0 6 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. P98943, Div. / Sec. D

The Honorable Janice Clark, Judge Presiding

* * * * *

| | |
|---|---|
| James R. Coxe, III<br>Baton Rouge, Louisiana | Attorney for Plaintiff/Appellee<br>Frederick D. Robinson, as Provisional<br>Administrator of the Succession of<br>Hurd Lenord Robinson |
| O. Genevieve Leslie<br>Brad P. Scott<br>Christopher A. Meeks<br>Ashley U. Schmidt<br>New Orleans, Louisiana | Attorneys for Defendant/Appellant<br>Benjamin James Robinson |
| Ronald Wayne Grace, Jr.<br>Rashad Wayne Grace<br>St. Gabriel, Louisiana | In Proper Person |

* * * * *

BEFORE: MCDONALD, HIGGINBOTHAM, CRAIN[1], HOLDRIDGE, AND
CHUTZ JJ.

---

[1] Justice Will Crain is serving as judge *ad hoc* by special appointment of the Louisiana Supreme Court.

McDonald, J. concurs

W.R.C. by CH, concurs w/result

WJC, by CH, dissents

Higginbotham, J. dissents

**HOLDRIDGE, J.**

Defendant, Benjamin James Robinson, seeks review of a judgment that denied his peremptory exceptions raising the objections of prescription and peremption and recognized Ronald Wayne Grace, Jr. and Rashad Wayne Grace as the heirs of his father, Hurd Lenord Robinson. Further, we review Benjamin's dilatory exception raising the objection of unauthorized use of a summary proceeding. For the following reasons, we convert the appeal to an application for a supervisory writ of review, grant the writ, vacate the February 7, 2018 judgment, and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On October 27, 2014, Hurd Lenord Robinson died intestate. He was survived by his brother, Frederick D. Robinson. In December of 2014, Frederick was appointed as the provisional administrator over Hurd's estate. On October 26, 2015, Ronald Wayne Grace, Jr. and Rashad Wayne Grace filed a "Petition for Recognition of Heirs as the Natural Grandsons of [Hurd]." In their petition, Ronald and Rashad stated that their mother, Terry Lynn Moore Grace, was conceived during Hurd's union with Ruth Mae Moore. Terry died on June 20, 2011. Ronald and Rashad further stated in their petition that "[u]pon information and belief, Terry ... was baptized at Greater St. John Baptist Church in Baton Rouge, Louisiana and Hurd ... formally acknowledged [Terry] by signing [her] baptismal record." Ronald and Rashad requested that the trial court recognize Hurd's formal acknowledgment of Terry and that they be recognized as the grandchildren and heirs of Hurd.

On November 20, 2015, Benjamin James Robinson filed a motion and order to remove Frederick as the administrator of Hurd's estate and filed a petition to be appointed as the administrator of Hurd's estate. Benjamin asserted that he was Hurd's son and the sole heir of his estate. After multiple pleadings were filed, and

Benjamin's birth certificate was admitted into evidence listing Hurd as his father, the trial court determined that Benjamin was born of Hurd's union with Lillian Fisher on September 9, 1960.[2] Consequently, Benjamin and Frederick filed a "Joint Motion to Court for Acceptance of the Filiation of Benjamin James Robinson as a Child of Hurd Leonard Robinson in this Intestate Succession" requesting that the trial court recognize Hurd as Benjamin's father. On May 9, 2016, the trial court signed an order that "confirm[ed] the filiation of Benjamin ... to his Father, Hurd[.]"

Around that same time, Benjamin answered Ronald and Rashad's petition, denying all allegations, and filed peremptory exceptions raising the objections of prescription and peremption. Benjamin argued that Ronald and Rashad's filiation claim was prescribed and perempted under former La. C.C. art. 209,[3] which stated that a child who was not filiated or formally acknowledged pursuant to former La. C.C. art. 203,[4] and wished to establish filiation, was required to file a proceeding under former La. C.C. art. 209 prior to her nineteenth birthday. Because former

---

[2] The record revealed that Hurd married Lillian Fisher on November 7, 1960. They divorced on September 15, 1963.

[3] Former La. C.C. art. 209 provided, in pertinent part:

> B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.

> C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.

[4] Louisiana Civil Code article 196, Revision Comments–2005, Comment (h) provides:

> Under prior law, an acknowledgment of fatherhood by an authentic act or by signing the child's birth or baptismal certificate was referred to as a formal acknowledgment. Prior law distinguished the effects of such formal acknowledgments from those of informal acknowledgments. The formal acknowledgment of a child by his father relieved the child of the necessity of establishing paternity by an action timely instituted under former Civil Code Article 209 ... [now codified as Article 197].

2

La. C.C. art. 209 was in effect at the time of Terry's nineteenth birthday, Benjamin argued that Ronald and Rashad's claim had no merit because they failed to provide evidence that Hurd acknowledged Terry pursuant to former La. C.C. art. 203 nor did they provide evidence that Terry filed a filiation proceeding under former La. C.C. art. 209 before her nineteenth birthday. Therefore, Benjamin requested that the trial court grant his peremptory exceptions raising the objections of prescription and peremption and dismiss Ronald and Rashad's petition.

Subsequently, Benjamin filed a Rule to Show Cause for Ronald and Rashad to show why his peremptory exceptions raising the objections of prescription and peremption should not be granted and why Ronald and Rashad's petition should not be dismissed. On August 22, 2016, the trial court held a hearing on Benjamin's exceptions and Rule to Show Cause.[5] At the hearing, Ronald and Rashad introduced Terry's baptismal certificate from Greater St. John the Baptist Church dated April 19, 1970 that was signed by Hurd. The trial court allowed Ronald and Rashad fifteen days to authenticate Terry's baptismal certificate. On August 27, 2016, Frederick signed an affidavit stating that Hurd's signature on Terry's baptismal certificate was authentic. On August 28, 2016, Floria A. Henderson, the recording secretary at Greater St. John the Baptist Church, signed an affidavit, which corroborated that Terry's baptismal certificate was valid.[6] In her affidavit, Floria stated that although Terry's original baptismal certificate could not be located in the church records, "the copy appear[ed] to be [an] authentic and accurate representation of an original Baptismal Certificate issued by Greater St. John Baptist Church."

---

[5] We note that a transcript of the hearing held on August 22, 2016, is not found in the record before us.

[6] The record reveals that Ronald and Rashad failed to admit Floria's affidavit in the record. Therefore, Floria signed another affidavit on December, 22, 2016, that was entered into the record.

3

On August 16, 2017, Frederick filed a Rule to Show Cause asking the trial court to recognize Terry as the daughter of Hurd and declare that her children, Ronald and Rashad, were the heirs of Hurd in his succession. On September 26, 2017, the trial court set a hearing date for October 23, 2017 on Benjamin's peremptory exceptions raising the objections of prescription and peremption.[7] On October 3, 2017, Benjamin filed a dilatory exception raising the objection of unauthorized use of a summary proceeding. Benjamin filed a memorandum supporting his exception, arguing that Frederick's use of a Rule to Show Cause in order to prove the filiation of Terry, Ronald, and Rashad to Hurd was an improper use of a summary proceeding. Benjamin argued that establishing filiation was not one of the specific proceedings deemed proper for the use of a summary proceeding pursuant to La. C.C.P. art. 2592. Therefore, Benjamin asked the trial court to dismiss Frederick's Rule to Show Cause. On October 10, 2017, the trial court signed an order, setting a hearing date for October 23, 2017, on Benjamin's dilatory exception raising the objection of unauthorized use of a summary proceeding. The order further stated that Fredericks' Rule to Show Cause on filiation was continued without date due to the pending resolution of the dilatory exception raising the objection of unauthorized use of summary proceeding filed by Benjamin.

On October 18, 2017, Benjamin filed a memorandum in opposition to the Rule to Show Cause filed by Frederick. In his memorandum, Benjamin argued that because Terry failed to establish her filiation to Hurd before her nineteenth birthday, pursuant to former La. C.C. art. 209, Frederick's claim was extinguished and could not be revived through a baptismal certificate. Secondly, Benjamin argued that Terry's baptismal certificate was not admissible because it was not the

---

[7] The parties' briefs reveal that the hearing was reset for November 7, 2017 due to the trial court's closure.

4

original certified copy pursuant to La. C.C. art. 1833 and La. R.S. 40:42. Therefore, Benjamin argued that the trial court should deny Frederick's Rule to Show Cause.

On November 7, 2017, the trial court held a hearing[8] on Benjamin's three exceptions. The trial court overruled the peremptory exceptions raising the objections of prescription and peremption and ruled on the merits of the filiation claim, finding that Ronald and Rashad were the heirs of Hurd. The trial court did not rule on Benjamin's dilatory exception raising the objection of improper use of summary proceeding. Thereafter, each party submitted a judgment to the trial court. On February 5, 2018, the trial court signed a judgment that recognized Ronald and Rashad as the children of Terry, and overruled the peremptory exceptions raising the objections of prescription and peremption. On February 7, 2018, the trial court signed another judgment related to the November 7, 2017 hearing, which recognized Ronald and Rashad as the surviving children of Terry, and acknowledged them as the grandchildren and heirs of Hurd in his intestate succession. The February 7, 2018 judgment also overruled Benjamin's exceptions raising the objections of prescription and peremption. Benjamin devolutively appealed from the February 5, 2018 judgment, and the trial court signed an order of appeal referencing that judgment. However, the notice issued by the clerk of court stated that Benjamin was appealing the February 7, 2018 judgment.

On April 5, 2018, this Court issued a Rule to Show Cause order to the parties to determine whether the appeal should be dismissed. Thereafter, on

---

[8] We note that the transcript from the November 7, 2017 hearing is contained in Benjamin's brief as an exhibit. This court has no authority to consider on appeal facts referenced to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. See Williams v. Genuine Parts Co., 2014-0857 (La. App. 1 Cir. 1/8/15), 2015 WL 127974 *4; Augustus v. St. Mary Parish School Bd., 95-2498 (La. App. 1 Cir. 6/28/96), 676 So.2d 1144, 1156. As such, the exhibit is not part of the appellate record and is not properly before this court on appeal.

5

August 7, 2018 this court issued an order for the rule to be considered with the merits of the appeal.

## STANDARD OF REVIEW

The facts of this case are not in dispute. In a case involving no dispute regarding material facts, but only the determination of a legal issue, the reviewing court must apply the *de novo* standard of review, under which the trial court's legal conclusions are not entitled to deference. TCC Contractors, Inc. v. Hospital Service Dist. No. 3 of Parish of Lafourche, 2010-0685 (La. App. 1 Cir. 12/8/10), 52 So.3d 1103, 1108.

## DISCUSSION

**February 5, 2018 Judgment**

The initial issue in this appeal is the trial court signing two judgments on the claims made by the parties at the November 7, 2017 hearing. The trial court signed the first judgment on February 5, 2018, and the second judgment on February 7, 2018. Both judgments reflect that the trial court denied Benjamin's peremptory exceptions raising the objections of prescription and peremption; however, the two judgments contain different language regarding Ronald and Rashad's filiation claim. The February 5, 2018 judgment recognized Ronald and Rashad as the children of Terry, while the February 7, 2018 judgment acknowledged Ronald and Rashad as the heirs of Hurd. Because the February 5, 2018 judgment only ruled on the denial of two peremptory exceptions, it is an interlocutory judgment. See La. C.C.P. art. 1841.

The proper procedural vehicle for seeking review of an interlocutory judgment is ordinarily by application for supervisory review, and we can—when appropriate—convert the improper appeal to such an application. See Smith v. City of New Orleans, Through its Director of Department of Public Works, 2016-

6

1139 (La. App. 4 Cir. 7/12/17), 224 So.3d 473, 480. The decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts. Fils v. Allstate Ins. Co., 2015-0360 (La. App. 1 Cir. 12/23/15), 2015 WL 9435273 *6. Nevertheless, an appellate court has broad discretion to convert an appeal of a non-final judgment into a supervisory writ application in order to review the trial court's judgment when it appears the judgment was arguably incorrect and in the interest of judicial economy, it should be corrected. See Stelluto v. Stelluto, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39.

Although Benjamin's petition for appeal was filed within the limited time allowed for filing a writ application, we decline to exercise our supervisory jurisdiction by converting the February 5, 2019 judgment to a writ application. See Uniform Rules–Courts of Appeal, Rule 4-3. We are unable to determine from the record if the trial court erred in denying Benjamin's peremptory exceptions raising the objections of prescription and peremption because the record does not contain a transcript of the November 7, 2017 hearing.[9] Therefore, we are unable to see what evidence was admitted, if any, by the parties to determine if the trial court correctly denied Benjamin's peremptory exceptions raising the objections of prescription and peremption. Furthermore, we decline to convert the appeal of the February 5, 2019 judgment into an application for supervisory writs because this action would not terminate the litigation in whole or in part, because additional claims remain pending between the parties. Malus v. Adair Asset Management, LLC, 2016-0610 (La. App. 1 Cir. 12/22/16), 209 So.3d 1055, 1062.

**February 7, 2018 Judgment**

In reviewing the February 7, 2018 judgment appealed by Benjamin, we observe that the trial court decided the merits of the filiation claim without first

---

[9] See footnote 7.

7

considering Benjamin's dilatory exception raising the objection of unauthorized use of a summary proceeding. The record reveals that on October 26, 2015, Ronald and Rashad filed a petition to be recognized as the heirs and grandsons of Hurd. However, the trial court never set Ronald and Rashad's petition for trial, as would be appropriate in an ordinary proceeding. See La. C.C.P. art. 1571(A)(2).[10] Approximately two years later, Frederick filed a Rule to Show Cause requesting that the trial court recognize Terry as the daughter of Hurd, and that her children, Ronald and Rashad, were the heirs of Hurd. In response, Benjamin filed a dilatory exception raising the objection of unauthorized use of summary proceeding, arguing that Frederick's claim to establish filiation through a Rule to Show Cause was a procedurally improper use of a summary proceeding under La. C.C.P. art. 2592. Although the trial court set a hearing for November 7, 2017, on Benjamin's peremptory exceptions raising the objections of prescription and peremption and dilatory exception raising the objection of unauthorized use of a summary proceeding, the trial court apparently never heard arguments on Benjamin's dilatory exception raising the objection of unauthorized use of a summary proceeding. Thus, the trial court ruled on the merits of the instant matter without disposing of the dilatory exception. See La. C.C.P. art. 2593.

The denial of an exception of unauthorized use of summary proceedings is an interlocutory ruling. MAPP Construction, LLC v. Amerisure Mutual Insurance Company, 2013-1074 (La. App. 1 Cir. 3/24/14), 143 So.3d 520, 526. Generally, the proper procedural vehicle to contest an interlocutory judgment is an application for supervisory writs. See La. C.C.P. arts. 2083(C) and 2201. An appellate court has broad discretion to convert an appeal of a non-final judgment into a

---

[10] Louisiana Code of Civil Procedure article 1571(A)(2) states that "[the trial court] shall not allow the assignment of ordinary proceedings for trial except after answer filed." In this case, it appears that Benjamin filed his answer; however, a trial date was never set.

supervisory writ application in order to review the trial court's judgment when it appears the judgment was arguably incorrect and in the interest of judicial economy, it should be corrected. See Stelluto v. Stelluto, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Because Benjamin filed a timely supervisory writ application and we find clear error in the trial court's February 7, 2018 judgment that will create a grave injustice if not corrected, we will convert this appeal to an application for a supervisory writ, grant the writ, and review the judgment rendered. All other trial court rulings currently at issue in this matter are interlocutory and we decline to address those rulings on supervisory review, since any justiciable issues that remain in the adverse interlocutory rulings may properly be considered by this court in any subsequent unrestricted appeal of a final or otherwise appealable judgment properly rendered in this matter. See MAPP Const., LLC, 143 So.3d at 528.

In reviewing the record, we find that the underlying action herein is a petition for recognition as heirs and a Rule to Show Cause. A Rule to Show Cause is a summary proceeding. See La. C.C.P. art. 2593. In a summary proceeding, exceptions must be filed prior to and disposed of at the trial, and an answer is not required, except as otherwise provided by law. La. C.C.P. art. 2593. Under La. C.C.P. art. 2593, it is clear that exceptions in a summary proceeding, such as Benjamin's dilatory exception raising the objection of unauthorized use of a summary proceeding, should have been disposed of prior to considering the merits of the filiation claim. Although the record reflects that Benjamin timely filed his exception before the hearing date, the record is devoid of any ruling by the trial court. Generally, silence in a judgment of the trial court as to any issue, claim or demand placed before the court is deemed a rejection of the claim and the relief sought is presumed to be denied. Schoolhouse, Inc. v. Fanguy, 2010-2238 (La.

9

App. 1 Cir. 6/10/11), 69 So.3d 658, 664. In this case, the trial court erred in not hearing Benjamin's dilatory exception raising the objection of unauthorized use of summary proceeding after the exceptor requested a hearing on the exception. The exceptor was entitled to an evidentiary hearing with witnesses or other evidence, as to his dilatory exception raising the objection of unauthorized use of summary proceeding, prior to the trial court ruling on the merits of the parties' claims at the November 7, 2017 hearing.[11] See La. C.C.P. art. 929(A). The trial court erred in presumably denying the exception without a hearing by its silence.

Accordingly, we find that the trial court erred in failing to address Benjamin's dilatory exception raising the objection of unauthorized use of a summary proceeding as mandated by La. C.C.P. art. 2593. Therefore, we vacate the February 7, 2018 judgment and remand this matter for proceedings consistent with this opinion. We pretermit discussion of the assignments of error or the merits of the filiation claim. See Chaney v. Department of Public Safety & Corrections (Office of Motor Vehicles), 2009-1543 (La. App. 1 Cir. 3/26/10), 36 So.3d 328, 332; Kyle v. Johnson, 2001-2482 (La. App. 1 Cir. 5/10/02), 818 So.2d 979, 982; Gilkes v. Bower, 99-0574 (La. App. 4 Cir. 4/1/99), 734 So.2d 98, 101.

## CONCLUSION

Exercising our supervisory jurisdiction, we find that the trial court erred in granting the February 7, 2018 judgment. Therefore, we vacate the February 7, 2018 judgment, and remand this matter to the trial court for further proceedings consistent with this opinion. Costs of this appeal are to be split between the parties.

---

[11] On the trial of Benjamin's dilatory exception raising the objection of unauthorized use of summary proceeding, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. See La. C.C.P. art. 930.

10

**APEAL CONVERTED TO APPLICATION FOR SUPERVISORY REVIEW; WRIT GRANTED; FEBRUARY 7, 2018 JUDGMENT VACATED AND REMANDED.**

11