| | | |
|---|---|---|
| RICK SUTTON | * | NO. 2024-CA-0760 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| JACK ADAMS, CHARLES | * | |
| ADAMS AND POLLY POINT | | FOURTH CIRCUIT |
| IMPORTS CORP. | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

<u>CONSOLIDATED WITH:</u>                    <u>CONSOLIDATED WITH:</u>

RICK M. SUTTON                              NO. 2024-C-0571

VERSUS

CHARLES ADAMS, POLLY POINT
IMPORTS CORP, DEFENDANTS
AND JACK ADAMS

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-11427, DIVISION "F-14"
Honorable Jennifer M Medley, Judge
\* \* \* \* \* \*
**Judge Dale N. Atkins**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Robert G. Harvey, Sr.
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, LA 70119

          COUNSEL FOR PLAINTIFF/APPELLEE, Rick M. Sutton

Stephanie M. Poucher
PHELPS DUNBAR, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

Charles L. Rice, Jr.
RICE LAW GROUP, LLC

3501 Tulane Ave
New Orleans, LA 70119


COUNSEL FOR DEFENDANT/APPELLANT, Jack Adams

**WRIT GRANTED; JUDGMENT VACATED; REMANDED**
**AUGUST 4, 2025**

*DNA*

*JCL*

*TGC*

This protracted matter stems from a failed business venture between the parties and has been before this Court on numerous occasions; but the present dispute, a suspensive appeal consolidated with a writ application, specifically concerns a mandamus. Appellant/Relator is Jack Adams ("Mr. Adams"), while Rick M. Sutton ("Mr. Sutton") is the Appellee/Respondent. In his appeal, Mr. Adams seeks review of the trial court's August 22, 2024 judgment, which granted the "Application for Writ of Mandamus" ("Mandamus Application") filed by Mr. Sutton. In his writ application, Mr. Adams seeks review of the trial court's refusal to consider his exceptions before ruling on Mr. Sutton's Mandamus Application. For the following reasons, we grant Mr. Adams' writ application, vacate the trial court's August 22, 2024 judgment, and remand this matter for further proceedings consistent with this Opinion.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In a recent Opinion, this Court explained the original dispute between these parties as follows:

> In 2011, Rick Sutton and Jack Adams entered into a business relationship regarding the operation/creation of a jewelry shop and art gallery on Royal Street. They formalized their agreement through the

1

formation of business entities named RJANO Holdings, Inc. [("RJANO")] and Maison Royale, LLC [("Maison Royale")]. RJANO was the entity that leased the property and Maison Royale was the entity that operated the business. The relationship between Mr. Sutton and Mr. Adams deteriorated and numerous lawsuits have followed.

*Sutton v. Adams*, 2024-0287, p. 1 (La. App. 4 Cir. 3/21/25), ___ So.3d ___, ___, 2025 WL 880000, at *1. The lawsuits began in 2014. Pertinent to this consolidated appeal and writ are the following four lawsuits filed and still pending in Orleans Parish Civil District Court ("CDC").

**Pertinent Lawsuits**

***Breach of Contract Suit (2014-10709, Division "N")***:

First, in 2014, Mr. Sutton filed a lawsuit wherein he alleged breach of contract and damages, and he named Mr. Adams, Maison Royale, and RJANO as defendants. This matter was CDC Number 2014-10709 and assigned to Division "N" of that court.

***RICO Suit (2016-11427, Division "D")***:

Then, in 2016, Mr. Sutton filed another lawsuit in which he asserted various claims, including violation of the Louisiana Racketeering Act ("RICO"), violations of the Louisiana Unfair Trade Practices Act ("LUTPA"), fraud and misrepresentation, breach of fiduciary duty, and detrimental reliance against Mr. Adams; Mr. Adams' father Charles; and Polly Point Imports Corporation. This matter was CDC Number 2016-1147 and assigned to Division "D" of that court. On October 25, 2017, the trial court dismissed Mr. Sutton's RICO and LUTPA claims, and this Court affirmed on appeal. *Sutton v. Adams*, 2018-0196, p.10 (La. App. 4 Cir. 12/19/18), 318 So.3d 776, 784, *writ denied*, 2019-0346 (La. 4/22/19), 267 So.3d 1112.

2

***Abuse of Process Suit (2017-3907, Division "L" originally; Division "N" later)***:[1]

Third, Mr. Adams filed a 2017 lawsuit in which he alleged abuse of process regarding Mr. Sutton's allegations in the RICO Suit. This lawsuit was CDC Number 2017-3907 and was originally assigned to Division "L" of that court.

***Nullity Suit (2019-3156, Division "N" originally; Division "D" later)***:

Fourth and finally, in 2019, Mr. Sutton filed a Petition to Nullify the October 25, 2017 judgment issued in the RICO Suit. This suit was CDC Number 2019-3156 and was originally assigned to Division "N" of that court.

On August 26, 2019, Division "D" transferred the Nullity Suit to itself because it was the division that issued the judgment of dismissal in the RICO Suit, which judgment Mr. Sutton sought to annul via the Nullity Suit. Thereafter the then-presiding judge of Division "D" ascended to this Court, and the Louisiana Supreme Court appointed a *pro tempore* judge.

### Orders of Recusal and Re-Allotment

On January 10, 2023, the *pro tempore* judge issued an "Order of Recusal and Re-Allotment" in docket number "2019-3156 c/w 2019-3156" (the docket number for the Nullity Suit) because her law firm represented a party in the litigation. The *pro tempore* judge's order directed the Clerk of Civil District Court for Orleans Parish ("Clerk of Court") to "re-allot this matter in its entirety to another non-domestic Division of [the] [c]ourt, omitting Division 'D'." Subsequently, on February 3, 2023, the *pro tempore* judge issued a second "Order of Recusal and Re-Allotment" in docket number "2019-03156 c/w 2016-11427" (the docket

---

[1] In *Sutton v. Adams*, 2022-01672, p. 11 (La. 3/7/23), 356 So.3d 1038, 1047, the Louisiana Supreme Court ordered Division "N" to hold a contradictory hearing to determine whether the Abuse of Process Suit should be transferred to that division and consolidated with the Breach of Contract Suit pending in that division. After holding such a hearing, Division "N" transferred the Abuse of Process Suit to itself.

numbers for the Nullity Suit and the RICO Suit, respectively). Like the *pro tempore* judge's first order, the second order directed the Clerk of Court to "re-allot this matter in its entirety to another non-domestic Division of [the] [c]ourt, omitting Division 'D'." However, the second order contained a stamped portion that stated, "LET THIS CASE BE REALLOTED TO DIV. F."

**Mandamus Application and Exceptions**

Thereafter, on July 30, 2024, Mr. Sutton filed his Mandamus Application listing the docket number as "2016-11427 c/w 2019-3156" (the docket numbers for the RICO Suit and Nullity Suit, respectively) at the top of the pleading. According to Mr. Sutton, the *pro tempore* judge's February 3, 2023 order meant that CDC Number 2019-3156 (the Nullity Suit) had been "officially re[-]allotted [to Division 'F'] by judgment of the [c]ourt." Further, Mr. Sutton alleged that matters were "set to be heard" before Division "F" "on August 8, 2024[,] and thereafter" regarding his Nullity Suit. Nonetheless, as contended by Mr. Sutton, opposing counsel filed pleadings related to the Nullity Suit in Division "N" (where the Breach of Contract and Abuse of Process Suits were pending) instead of Division "F", and the Clerk of Court referred to the Nullity Suit as a Division "N" case. Mr. Sutton's Mandamus Application sought an order "instructing the Clerk of Court to correct the docket number 2019-3156 [the Nullity Suit] to show that the case has been properly re[-]alloted to Division ['F']."

In response to Mr. Sutton's Mandamus Application, on August 7, 2024, Mr. Adams filed peremptory Exceptions of Lack of Subject Matter Jurisdiction, No Cause of Action, No Right of Action, and Violation of the Bankruptcy Court's Automatic Stay; a declinatory Exception of Insufficiency of Service of Process; and dilatory Exceptions of Unauthorized Use of Summary Proceedings, Improper

4

Cumulation of Claims, and Improper Joinder of Parties (collectively "Exceptions").

## Hearing and Judgment

On August 8, 2024, the trial court held a hearing on Mr. Sutton's Mandamus Application. Counsel for Mr. Adams asserted the trial court needed to rule on Mr. Adams' Exceptions before hearing the merits of Mr. Sutton's Mandamus Application, but the trial court refused to do so and stated, "But you filed it the day before" and "on the eve [of]" the hearing. On August 22, 2024, the trial court issued its judgment regarding Mr. Sutton's Mandamus Application:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff, Rick M. Sutton's, *Application for Writ of Mandamus*, is hereby **GRANTED**.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the matter pending in Division "L-6" entitled "*Adams, Jack v. Sutton, Rick M.*," which bears docket number 2017-03907 [the Abuse of Process Suit], be **TRANSFERRED** to Division "F-14," before the Honorable Judge Jennifer M. Medley.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the matter pending in Division "N-8" entitled "*Sutton, Rick M. v. Adams, Jack et al,*" which bears docket number 2019-03156 [the Nullity Suit], be **TRANSFERRED** to Division "F-14," before the Honorable Judge Jennifer M. Medley.
>
> **IT IS FURTHER ADJUDGED AND DECREED** that the **ORLEANS CIVIL DISTRICT CLERK OF COURT** is hereby **ORDERED** to prepare the above-entitled and numbered matter to be **TRANSFERRED** in accordance with this Judgment.
>
> . . . .
>
> **IT IS FURTHER ADJUDGED AND DECREED** that Defendant, *Jack Adams' Answer, Exceptions, and Affirmative Defenses to Rick M. Sutton's Application for Writ of Mandamus*, filed on August 7, 2024, is hereby **EXCLUDED** and **PROFERRED** pursuant to Louisiana Code of Civil Procedure Article 1636.
>
> **IT IS FURTHER ADJUDGED AND DECREED** that Defendant, Jack Adams', *Peremptory' Exceptions of Lack of Subject*

5

*Matter Jurisdiction, No Cause of Action, No Right of Action, and Violation of the Bankruptcy Court's Automatic Stay Provisions; Declinatory/Exception of Insufficiency of Service of Process; and Dilatory Exceptions of Unauthorized Use of Summary Proceedings, Improper Cumulation of Claims, and Improper Cumulation of Claims, and Improper Joinder of Parties, to the Application for Writ of Mandamus*, filed on August 7, 2024, is hereby **EXCLUDED** and **PROFERRED** pursuant to Louisiana Code of Civil Procedure Article 1636.

   **IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that this Judgment is a final judgment in accordance with Louisiana Code of Civil Procedure Article 1841 and Louisiana Code of Civil Procedure Article 1918.

(Footnotes omitted.) Mr. Adams' timely writ application and appeal to this Court followed.

**ASSIGNMENTS OF ERROR**

   In his brief filed in his appeal (2024-CA-0760), Mr. Adams asserts four assignments of error:

1.  **Assignment of Error No. 1**: The Mandamus Judgment is an absolute nullity.

2.  **Assignment of Error No. 2**: The CDC Clerk of Court lacks the legal authority to transfer a pending case to a different division of CDC absent an order made pursuant to Louisiana Code of Civil Procedure [A]rticles 253.1, 253.2, and 1561.

3.  **Assignment of Error No. 3**: Because the decision of whether to transfer a pending case (let alone two pending cases) to a different division of CDC requires the exercise of a considerable amount of discretion, such an action may not be ordered pursuant to a mandamus "application."

4.  **Assignment of Error No. 4**: [Mr.] Sutton's Mandamus "Application" unlawfully seeks to circumvent the bankruptcy court's automatic stay provisions.

In his writ application (2024-C-0571), Mr. Adams asserts two assignments of error:

1.  The trial court erred in holding that [Mr.] Adams' timely filed peremptory, declinatory, and dilatory exceptions were untimely

6

and failing to hear and dispose of the exceptions before ruling on the merits of [Mr.] Sutton's . . . Application for Writ of Mandamus.

2. The trial court erred in failing to grant [Mr.] Adams' unheard peremptory, declinatory, and dilatory exceptions.

Because we find resolution of Mr. Adams' first assignment of error in his writ application (2024-C-0571) to be dispositive, our discussion will focus on the argument raised therein. Thereafter, our discussion will turn to the issue of having the above-described, substantially related, and pending suits between these parties before different divisions of the trial court.

## DISCUSSION

Mr. Adams contends the trial court erred in holding that his Exceptions were untimely and in failing to hear and dispose of those Exceptions before ruling on the merits of Mr. Sutton's Mandamus Application. Resolution of this issue requires us to consider and apply the relevant rules and code articles concerning when a party must file an exception to an application for writ of mandamus for it to be timely, such that the trial court must hear and dispose of the exception before ruling on the merits of the application for writ of mandamus. As this Court has explained, a trial court's application of a statute or code article to the facts of a case constitutes "a question of law to be reviewed under the *de novo* standard of review." *Hurel v. National Fire & Marine Ins. Co.*, 2025-0049, p. 5 (La. App. 4 Cir. 3/11/25), ___ So.3d ___, ___, 2025 WL 762645, at *3 (citing *State v. Crowther*, 2024-0625, p. 7 (La. App. 4 Cir. 1/31/25), 408 So.3d 277, 283). With this standard of review in mind, we turn to the section of the Code of Civil Procedure concerning mandamus proceedings.

7

Louisiana Code of Civil Procedure Article 3861 defines mandamus as "a writ directing a public officer, a corporation or an officer thereof, or a limited liability company or a member or manager thereof, to perform any of the duties set forth in [La. C.C.P. arts.] 3863 and 3864." An application for a writ of mandamus may be disposed of via summary proceeding. La. C.C.P. art. 2592(6). As explained in La. C.C.P. art. 2596, "[t]he rules governing ordinary proceedings are applicable to summary proceedings, except as otherwise provided by law." One such exception is found in La. C.C.P. art. 2593, which states:

> A summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law.
>
> Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding *shall be filed prior to the time assigned for, and shall be disposed of at, the trial*. An answer is not required, except as otherwise provided by law.
>
> No responsive pleadings to an exception are permitted.

(Emphasis added.)

This Court considered and applied La. C.C.P. art. 2593 in the case of *Gilkes v. Bower*, 1999-0574 (La. App. 4 Cir. 4/1/99), 734 So.2d 98. Therein, Jennifer Gilkes ("Ms. Gilkes") sought a preliminary injunction, which is a summary proceeding as listed in La. C.C.P. art. 2592(8). *Id.* at p. 2, 734 So.2d at 100. On the morning of the injunction hearing, Craig Bower ("Mr. Bower") filed exceptions to the jurisdiction of the trial court mere minutes prior to the commencement of the injunction hearing. *Id.* at p. 4, 734 So.2d at 101. The record reflected Mr. Bowers did not argue his exceptions or present evidence in support thereof, and the trial court did not address or dispose of Mr. Bower's exceptions prior to ruling on Ms. Gilkes' request for a preliminary injunction. *Id.* at p. 5, 734 So.2d at 101.

8

Acknowledging that Mr. Bowers only filed his exceptions "on the morning of the trial of the preliminary injunction," this Court nonetheless stated, "the trial court should have considered [the exceptions] on the trial on the preliminary injunction." *Id.* This Court held "the trial court erred in not considering and disposing of these exceptions on the trial of the preliminary injunction" because La. C.C.P. art. 2593 mandates that the trial court dispose of an exception at trial so long as the exception was filed prior to the trial. *Id.* In his appeal to this Court, Mr. Bowers contended "that the trial court must have overruled the exceptions, albeit without any pronouncement" and asked this Court "to consider the merits of . . . the alleged denial of the exceptions." *Id.* However, this Court explained that without a ruling on the exceptions, the Court was "unable to consider the merits of [Mr. Bower's] writ application as it pertain[ed] to the alleged denial of the exceptions." This Court granted Mr. Bowers' writ application; vacated the judgment granting Ms. Gilkes' preliminary injunction on the basis that it violated La. C.C.P. art. 2593; and remanded the matter to the trial court.

We find the same course of action taken in *Gilkes* must be followed in the matter *sub judice*. Mr. Adams filed his Exceptions prior to the hearing on the merits of Mr. Sutton's Mandamus Application, such that La. C.C.P. art. 2593 required the trial court to consider and rule on the Exceptions prior to ruling on the Mandamus Application. The trial court did not do so and thus legally erred. Therefore, Mr. Adams' first assignment of error in his writ application has merit. We note the trial court did not provide a reason for declining to rule on Mr. Adams' Exceptions, though the transcript of the hearing indicates the trial court considered the Exceptions to be untimely. To the extent the trial court considered Mr. Adams' Exceptions untimely on the basis of the deadlines for filing exceptions

9

found in the "Rules for Civil Proceedings in District Courts," we also hold this was in error because "[a] local rule cannot take precedence over statutory law."[2] *Kyle v. Johnson*, 2001-2482, p. 4 (La. App. 1 Cir. 5/10/02), 818 So.2d 979, 982 (citing *In Re Westlake Petrochemicals Corp. Ethylene Plant Part 70*, 1999-1726, p. 4 (La. App. 1 Cir. 11/3/00), 769 So.2d 1278, 1279).

Mr. Adams' second assignment of error in his writ application concerns the merits of his Exceptions; but, as in *Gilkes*, we are unable to consider Mr. Adams' writ application as it pertains to the merits of the Exceptions without the trial court's ruling on same. Accordingly, we pretermit discussion of Mr. Adam's second assignment of error in his writ application. Also like in *Gilkes*, we vacate the judgment rendered in violation of La. C.C.P. art. 2593, i.e., the August 22, 2024 judgment that granted Mr. Sutton's Mandamus Application, and we remand the matter for further proceedings consistent with this Opinion. That judgment is the basis of Mr. Adams' four assignments of error in his appeal and in light of the vacatur, we also pretermit discussion of those assignments of error too.

Prior to consideration of and a ruling on Mr. Adams' Exceptions, we find it necessary for Division "N" to hold a contradictory hearing pursuant to La. C.C.P. art. 1561,[3] LA. C.C.P. art. 253.2,[4] and Rule 9.3 of the Rules for Civil Proceedings

---

[2] Rule 9.8(c) of the Rules for Civil Proceedings in District Courts states that "no hearing on an exception or motion will be scheduled until at least fifteen calendar days after filing." Rule 9.9(b) provides:

> When a party files an exception or motion, that party shall concurrently furnish the trial judge and serve on all other parties a supporting memorandum that cites both the relevant facts and applicable law. The memorandum for motions and exceptions, other than motions for summary judgment, shall be served on all other parties so that it is received by the other parties at least fifteen calendar days before the hearing, unless the court sets a shorter time.

Though we do not know if these Rules were the basis for the trial court finding Mr. Adams' Exceptions to be untimely, we nonetheless address them in the interest of being thorough.

in District Courts.[5] Division "N" is instructed to determine whether transfer of the RICO and Nullity Suits to that division is appropriate and/or in the interest of justice because they are substantially related to the cases currently pending in that division (the Breach of Contract and Abuse of Process Suits). As noted earlier in this Opinion, Division "N" is the division to which the Clerk of Court allotted the first-filed suit between these parties, the Breach of Contract Suit. The Louisiana Supreme Court previously ordered Division "N" to hold such a hearing regarding whether to transfer the Abuse of Process Suit to that division in light of the pending Breach of Contract Suit. *Sutton v. Adams*, 2022-01672, p. 11 (La. 3/7/23), 356 So.3d 1038, 1047. We find judicial efficiency warrants such action.

---

[3] Regarding consolidation, La. C.C.P. art. 1561(A) provides:

When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial or other limited purposes after a contradictory hearing, upon a finding that common issues of fact and law predominate, and, in the event a trial date has been set in a subsequently filed action, upon a finding that consolidation is in the interest of justice. The contradictory hearing may be waived upon the certification by the mover that all parties in all cases to be consolidated consent to the consolidation.

[4] Louisiana Code of Civil Procedure Article 253.2 is titled "Transfer and reassignment of pending cases." It states:

After a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court, unless agreed to by all parties, or unless it is being transferred to effect a consolidation pursuant to Article 1561. However, the supreme court, by rule, may establish uniform procedures for reassigning cases under circumstances where an expeditious disposition of cases may be effectuated.

[5] Rule 9.3 of the Rules for Civil Proceedings in District Courts provides:

All pleadings filed shall be randomly assigned to a particular section or division of the court in accordance with La. Code Civ. Proc. art. 253.1 before presentation of a pleading to any judge. The method of allotment for each district court is set forth in Appendix 9.3. Provided, to the extent allowed by La. Code Civ. Proc. art. 253.3, each district court shall designate in Appendix 9.3: (1) those matters that ordinarily will not be allotted to a particular section or division of the court and instead will be signed by the duty judge or by any judge authorized to sign such pleadings; and (2) those pleadings that, although filed in actions that will be allotted, may be presented for signature to the duty judge or to any judge authorized to sign such pleadings.

## DECREE

For the foregoing reasons, we grant Mr. Adams' writ application; vacate the trial court's August 22, 2024 judgment; and remand this matter for further proceedings consistent with this Opinion.

**WRIT GRANTED; JUDGMENT VACATED; REMANDED**